element essential to its validity. As stated in Cyc., vol. 23, p. 670:

"According to the modern doctrine a judgment is to be tested by its substance rather than its form, and the form is not very material, provided that in substance it shows directly and not inferentially the judicial character of the act, the nature and scope of the adjudication, and its application to the controversy before the court."

And in *Morgan Hastings Co. v. Gray Dental Co.*, 108 Ill. App. 98, the Court said: "The form of a final judgment is immaterial, but in substance it must show distinctly and not inferentially that the matters in the record have been finally disposed of in favor of one of the litigants, or that the rights of the parties in litigation have been finally adjudicated."

No convincing reason appearing for changing the form of the judgment as prayed for, the refusal of the trial court to allow the motion was proper.

As to the counter motion to strike the name of Daniel J. Davis from the judgment, we must assume that Davis was properly in court at the time of the entry of the same, and that the trial court in refusing to allow this counter motion had this in mind.

The order of the court will be affirmed.

*Affirmed.*

---

**Maggie Robinson, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 18,410. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913.

## Statement of the Case.

Action by Maggie Robinson against the Chicago City Railway Company for injuries sustained by plaintiff while attempting to alight from one of defendant's cars. From a judgment of one thousand five hundred dollars recovered by plaintiff, defendant appeals.

W. H. ROBINSON and C. LeROY BROWN, for appellant; L. A. BUSBY, of counsel.

PATTISON & SHAW, for appellee; WILLIAM H. HOLLY, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 404*—when starting of car while passenger is alighting, is negligence. Street car company suddenly starting its car while plaintiff, as passenger, was attempting to alight, held liable for injuries sustained by being thrown from car.

2. APPEAL AND ERROR, § 1241*—when modification of instruction cannot be complained of. Appellant cannot complain of court's modification of one of his instructions so as to include another of his, where the giving of the modified instruction was practically the same as giving both.

3. APPEAL AND ERROR, § 1241*—when party cannot complain of requested instructions. Appellant cannot assert as error the giving of an instruction he has requested.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.